

Proskauer Rose LLP   One Newark Center   Newark, NJ 07102-5211

A New York Limited Liability Partnership
Lawrence R. Sandak, Managing Resident Partner

April 1, 2013

Jeremy M. Brown
Senior Counsel
d 973.274.3205
f 973.274.3299
jbrown@proskauer.com
www.proskauer.com

**ELECTRONICALLY FILED**

Honorable Denis R. Hurley, United States District Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Michael Kanowitz, et al. v. Broadridge Financial Solutions, Inc.*
       *Docket No.: CV-13-0649 (DRH) (AKT)*

Dear Judge Hurley:

We represent defendant Broadridge Financial Solutions, Inc. ("Broadridge") in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rule 3(B), we write to respectfully request a pre-motion conference in connection with Broadridge's anticipated motion to dismiss plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiffs are a putative class of Broadridge employees who allege that they were underpaid a portion of a bonus in 2009.[1] In particular, the five named plaintiffs (former employees who worked in Edgewood, New York for the same manager) assert on behalf of themselves and other similarly situated employees, a putative class action under New York Labor Law, §§ 190, *et seq.* and a New York State breach of contract claim for unpaid wages under a "Management by Objectives (MBO) Bonus Plan" for fiscal year 2009. (Compl. ¶ 1.) Notwithstanding the discretionary language in the Bonus Plan, which states that participation does not guarantee payment of any set bonus amount or create any expectancy of bonus payment and reserves Broadridge's right to alter or eliminate the Bonus Plan, plaintiffs claim that they were entitled to whatever initial bonus calculation their immediate manager recommended. (Compl. ¶¶ 30-36.) Plaintiffs contend that more senior Broadridge managers were not permitted to alter or reduce the initial recommendations made upon their further review. (Compl. ¶¶ 35-36.)

Plaintiffs allege that this Court has jurisdiction over the putative class pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, *et seq*. (Compl. ¶ 2.) Plaintiffs, however, cannot meet the threshold jurisdictional requirements under CAFA because this case falls within the "home state" and "local controversy" exceptions to CAFA's jurisdictional grant.

The "home-state" exception to CAFA provides that a "district court shall decline to exercise jurisdiction . . . [if] two-thirds or more of the members of all proposed plaintiff classes in the

---

[1] Broadridge accepts plaintiffs' definition of the putative class for purposes of this pre-motion letter only and reserves the right to challenge the definition of the proposed class, which has a number of fatal deficiencies.

Proskauer»

Honorable Denis R. Hurley, U.S.D.J.
April 1, 2013
Page 2

aggregate, and the primary defendants, are citizens of the state in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Broadridge's principal place of business is in Lake Success, New York. Pursuant to CAFA, Broadridge is therefore a citizen of New York for jurisdictional purposes. See 28 U.S.C. § 1332(c)(1). As of April 1, 2013, approximately 86% of current and former Broadridge employees falling within the putative class definition were residents of New York State. Accordingly, well more than two-thirds of the putative class members are citizens of New York and therefore, pursuant to the home-state exception to CAFA, this Court does not have jurisdiction over this case as a matter of law.

Separately, the "local controversy" exception to CAFA also deprives this Court of jurisdiction. As described above, well more than two-thirds of the putative class and Broadridge are citizens of New York State. Furthermore, the principal injuries allegedly suffered by the class took place in New York and in the previous three years there have been no other similar class actions asserted against Broadridge. Accordingly, the CAFA local controversy exception applies and this Court does not have jurisdiction over this case as a matter of law. 28 U.S.C. § 1332(d)(4)(A).

Since plaintiffs have failed to meet the jurisdictional requirements of CAFA, the Complaint should be dismissed in its entirety.[2] Therefore, Broadridge respectfully requests a pre-motion conference or permission to file a motion to dismiss Plaintiffs' Complaint.

Respectfully submitted,

PROSKAUER ROSE LLP

By:   s/ Jeremy M. Brown
         Jeremy M. Brown

cc:   Michael J. Borrelli, Esq. (by ECF)
       Hon. A. Kathleen Tomlinson, U.S.M.J. (by UPS Next Day Air)

---

[2] Broadridge's Answer or response to plaintiffs' Complaint is due April 15, 2013. Pursuant to Your Honor's Individual Rule 3(C), the filing of this pre-motion letter constitutes timely service of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).