Proskauer Rose LLP   One Newark Center   Newark, NJ 07102-5211

A New York Limited Liability Partnership
Lawrence R. Sandak, Managing Resident Partner

April 1, 2013

Jeremy M. Brown
Senior Counsel
d 973.274.3205
f 973.274.3299
jbrown@proskauer.com
www.proskauer.com

**Via ECF & Facsimile**

Honorable A. Kathleen Tomlinson, United States Magistrate Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Michael Kanowitz, et al. v. Broadridge Financial Solutions, Inc.*
      *Docket No.: CV-13-0649 (DRH) (AKT)*

Dear Judge Tomlinson:

We represent defendant Broadridge Financial Solutions, Inc. ("Broadridge") in the above-referenced matter. We write regarding the initial conference in this matter, scheduled for April 11, 2013 at 10:00 a.m.[1]

Broadridge has filed a letter pursuant to Judge Hurley's Individual Practice Rules requesting a pre-motion conference in connection with Broadridge's anticipated motion to dismiss plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1). (See Exhibit A.) If the Court grants Broadridge's motion, plaintiffs' Complaint will be dismissed in its entirety. Accordingly, Broadridge respectfully requests that the initial conference be adjourned until after resolution of Broadridge's motion to dismiss.

Plaintiffs' counsel neither opposes nor consents to the request for an adjournment. (See Exhibit B.) However, plaintiffs' counsel advises that in response to Broadridge's pre-motion letter, plaintiffs intend to seek permission from the district judge to take limited discovery as to Broadridge's principal place of business. Plaintiffs' anticipated request for limited discovery from the district judge, however, will be addressed by Judge Hurley and, therefore, an initial conference as to merits discovery is, respectfully, unnecessary at this time and should be adjourned.

Respectfully submitted,

PROSKAUER ROSE LLP

By:   s/ Jeremy M. Brown
         Jeremy M. Brown

cc:   Michael J. Borrelli, Esq. (by ECF)
      Alexander T. Coleman, Esq. (by ECF)

---

[1] The initial conference was previously scheduled for April 5, 2013 and was adjourned at plaintiffs' request.



Proskauer Rose LLP   One Newark Center   Newark, NJ 07102-5211

A New York Limited Liability Partnership
Lawrence R. Sandak, Managing Resident Partner

April 1, 2013

Jeremy M. Brown
Senior Counsel
d 973.274.3205
f 973.274.3299
jbrown@proskauer.com
www.proskauer.com

**Via ECF & Facsimile**

Honorable A. Kathleen Tomlinson, United States Magistrate Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Michael Kanowitz, et al. v. Broadridge Financial Solutions, Inc.*
      *Docket No.: CV-13-0649 (DRH) (AKT)*

Dear Judge Tomlinson:

We represent defendant Broadridge Financial Solutions, Inc. ("Broadridge") in the above-referenced matter. We write regarding the initial conference in this matter, scheduled for April 11, 2013 at 10:00 a.m.[1]

Broadridge has filed a letter pursuant to Judge Hurley's Individual Practice Rules requesting a pre-motion conference in connection with Broadridge's anticipated motion to dismiss plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1). (See Exhibit A.) If the Court grants Broadridge's motion, plaintiffs' Complaint will be dismissed in its entirety. Accordingly, Broadridge respectfully requests that the initial conference be adjourned until after resolution of Broadridge's motion to dismiss.

Plaintiffs' counsel neither opposes nor consents to the request for an adjournment. (See Exhibit B.) However, plaintiffs' counsel advises that in response to Broadridge's pre-motion letter, plaintiffs intend to seek permission from the district judge to take limited discovery as to Broadridge's principal place of business. Plaintiffs' anticipated request for limited discovery from the district judge, however, will be addressed by Judge Hurley and, therefore, an initial conference as to merits discovery is, respectfully, unnecessary at this time and should be adjourned.

Respectfully submitted,

PROSKAUER ROSE LLP

By:   s/ Jeremy M. Brown
      Jeremy M. Brown

cc:   Michael J. Borrelli, Esq. (by ECF)
      Alexander T. Coleman, Esq. (by ECF)

---

[1] The initial conference was previously schedule for April 5, 2013 and was adjourned at plaintiffs' request.

# Exhibit A

 Proskauer Rose LLP   One Newark Center   Newark, NJ 07102-5211

A New York Limited Liability Partnership
Lawrence R. Sandak, Managing Resident Partner

April 1, 2013

Jeremy M. Brown
Senior Counsel
d 973.274.3205
f 973.274.3299
jbrown@proskauer.com
www.proskauer.com

**ELECTRONICALLY FILED**

Honorable Denis R. Hurley, United States District Judge
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *Michael Kanowitz, et al. v. Broadridge Financial Solutions, Inc.*
      Docket No.: CV-13-0649 (DRH) (AKT)

Dear Judge Hurley:

We represent defendant Broadridge Financial Solutions, Inc. ("Broadridge") in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rule 3(B), we write to respectfully request a pre-motion conference in connection with Broadridge's anticipated motion to dismiss plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiffs are a putative class of Broadridge employees who allege that they were underpaid a portion of a bonus in 2009.[1] In particular, the five named plaintiffs (former employees who worked in Edgewood, New York for the same manager) assert on behalf of themselves and other similarly situated employees, a putative class action under New York Labor Law, §§ 190, *et seq.* and a New York State breach of contract claim for unpaid wages under a "Management by Objectives (MBO) Bonus Plan" for fiscal year 2009. (Compl. ¶ 1.) Notwithstanding the discretionary language in the Bonus Plan, which states that participation does not guarantee payment of any set bonus amount or create any expectancy of bonus payment and reserves Broadridge's right to alter or eliminate the Bonus Plan, plaintiffs claim that they were entitled to whatever initial bonus calculation their immediate manager recommended. (Compl. ¶¶ 30-36.) Plaintiffs contend that more senior Broadridge managers were not permitted to alter or reduce the initial recommendations made upon their further review. (Compl. ¶¶ 35-36.)

Plaintiffs allege that this Court has jurisdiction over the putative class pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, *et seq.* (Compl. ¶ 2.) Plaintiffs, however, cannot meet the threshold jurisdictional requirements under CAFA because this case falls within the "home state" and "local controversy" exceptions to CAFA's jurisdictional grant.

The "home-state" exception to CAFA provides that a "district court shall decline to exercise jurisdiction . . . [if] two-thirds or more of the members of all proposed plaintiff classes in the

---

[1] Broadridge accepts plaintiffs' definition of the putative class for purposes of this pre-motion letter only and reserves the right to challenge the definition of the proposed class, which has a number of fatal deficiencies.

Proskauer»

Honorable Denis R. Hurley, U.S.D.J.
April 1, 2013
Page 2

aggregate, and the primary defendants, are citizens of the state in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Broadridge's principal place of business is in Lake Success, New York. Pursuant to CAFA, Broadridge is therefore a citizen of New York for jurisdictional purposes. *See* 28 U.S.C. § 1332(c)(1). As of April 1, 2013, approximately 86% of current and former Broadridge employees falling within the putative class definition were residents of New York State. Accordingly, well more than two-thirds of the putative class members are citizens of New York and therefore, pursuant to the home-state exception to CAFA, this Court does not have jurisdiction over this case as a matter of law.

Separately, the "local controversy" exception to CAFA also deprives this Court of jurisdiction. As described above, well more than two-thirds of the putative class and Broadridge are citizens of New York State. Furthermore, the principal injuries allegedly suffered by the class took place in New York and in the previous three years there have been no other similar class actions asserted against Broadridge. Accordingly, the CAFA local controversy exception applies and this Court does not have jurisdiction over this case as a matter of law. 28 U.S.C. § 1332(d)(4)(A).

Since plaintiffs have failed to meet the jurisdictional requirements of CAFA, the Complaint should be dismissed in its entirety.[2] Therefore, Broadridge respectfully requests a pre-motion conference or permission to file a motion to dismiss Plaintiffs' Complaint.

Respectfully submitted,

PROSKAUER ROSE LLP

By:   s/ Jeremy M. Brown
        Jeremy M. Brown

cc:   Michael J. Borrelli, Esq. (by ECF)
       Hon. A. Kathleen Tomlinson, U.S.M.J. (by UPS Next Day Air)

---

[2] Broadridge's Answer or response to plaintiffs' Complaint is due April 15, 2013. Pursuant to Your Honor's Individual Rule 3(C), the filing of this pre-motion letter constitutes timely service of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).

# Exhibit B

**Rozic, Kristin S.**

| | |
|---|---|
| **From:** | Alexander T. Coleman [ATC@employmentlawyernewyork.com] |
| **Sent:** | Monday, April 01, 2013 2:28 PM |
| **To:** | Rozic, Kristin S.; Brown, Jeremy M. |
| **Cc:** | Michael Borrelli |
| **Subject:** | Kanowitz et al. v. Broadridge |

Kristin:

We take no position on your impending request to the Court to adjourn the initial conference. As I mentioned earlier, we will be filing opposition to your letter requesting a pre-motion conference, hopefully be this Wednesday, schedule permitting. In our opposition, we will be requesting that the Court order discovery into the issue of where your client's principal place of business is located, as documents on file with New York State indicate that it is in Jersey City, New Jersey, not Lake Success, New York. We therefore take no position on whether the Court might order such a discovery plan at next week's currently-scheduled initial conference, or whether the Court finds it makes more sense to schedule a conference on a different date to discuss the proposal in our letter. We also will leave it to the Court to determine if it wants merits-based discovery to proceed while the alternative discovery into your client's citizenship is conducted, as any merits-based discovery effort will have to take place in either federal court or state court if this case ends up there. We ask that you attach this email to any letter to the Court to adjourn the initial conference to articulate our position. Thank you.

Sincerely,

Alexander T. Coleman, Esq.
The Law Office of Borrelli & Associates, P.L.L.C.
1010 Northern Boulevard, Suite 328
Great Neck, NY 11021
Tel. No. (516) 248 - 5550
Fax No. (516) 248 - 6027
www.employmentlawyernewyork.com
atc@employmentlawyernewyork.com

*\*\* please note our new Manhattan location \*\**

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel. No. (212) 679 - 5000
Fax No. (212) 679 - 5005
www.employmentlawyernewyork.com
atc@employmentlawyernewyork.com